## Codman & al. *versus* Caldwell.

An attorney at law may, by his book and suppletory oath, prove his retainer and his services rendered in court.

Assumpsit by attorneys and counselors, for several term fees and for services in court, relating to the acceptance of an award. The plaintiffs offered their book with the suppletory oath of Mr. Codman. That evidence was objected to, because not the best, which the nature of the case allowed. The objection was overruled. Mr. Codman, being sworn, was asked by his counsel, whether the services were performed at the defendant's request. That inquiry was objected to, but the objection was overruled, and Mr. Codman testified in the affirmative. The verdict was for the plaintiffs. The defendant excepted. The trial was in the District Court, Cole, J. presiding.

*J. Goodenow,* for defendant.

1. The right to charge, *so that the book could be evidence,* must exist at the moment the services were rendered. Before their book can be admitted, the plaintiffs must prove their retainer, which constitutes their right to charge. The plaintiffs cannot in this way prove their agency. Their retainer is no part of their account. It is an independent fact not necessarily connected with the entry of their appearance on the docket. Exceptions to the common law modes of proof should not be multiplied. *Clark* v. *Perry,* 17 Maine, 179;

*Amee* v. *Wilson*, 22 Maine, 120; *Dunn* v. *Whitney*, 1 Fairf. 9; Starkie on Ev. vol. 2, page 130, Attorney; *Gleason* v. *Dodd*, 4 Metc. 333; *Winsor* v. *Dilloway*, 4 Metc. 221; *Eastman* v. *Moulton*, 3 N. H. 156.

2. The plaintiffs' claim was susceptible of better proof. The party's book and oath, it is believed, are not to be allowed, except when the services are of such a character as to form a presumption, that there will otherwise be a failure of proof. When that presumption is repelled, the common law proofs cannot be dispensed with. Cowen & Hill's notes to Phil. on Ev. 2, 691, 692, 693; *Leighton* v. *Manson*, 14 Maine, 208.

*Codman*, for plaintiffs.

WELLS, J., orally. — One objection to the plaintiffs' book and oath is that, from the nature of the case, there must be better evidence.

The book and oath of a party are often received to prove sales or services, known to other persons and proveable by them. A plaintiff may in that mode prove a sale, though his clerk knew of it, and could testify to it. So of physicians.

The cases of bulky and heavy articles, and of articles delivered to third persons, stand on a different reason. The demands of attorneys are sustainable by any mode of proof, applicable to other descriptions of persons. The objection cannot prevail.

It is further contended, that it was not competent for plaintiffs, by their book and oath, to prove that they were employed by the defendant. But a plaintiff may testify to the delivery of goods. There is much resemblance in the cases. This objection, too, is unavailing.    *Exceptions overruled.*